# No. A-CV-05-80

## COURT OF APPEALS OF THE NAVAJO NATION

October 8, 1982

Robert SHORTY, Jr., Defendant/Appellant,

vs.

Eleanor J. SHORTY, Plaintiff/Appellee.

## OPINION AND ORDER

Joseph L. Rich, Esq., Gallup, New Mexico for Appellee and Louis Denetsosie, Esq., Navajo Legal Aide, Window Rock, Navajo Nation (Arizona) for Appellant.

This case is an appeal involving the division of marital property and debts and the payment of child support. It is heard as a trial de novo.

The most valuable item of marital property to be divided is a homesite lease for a one-acre tract of land and a family home situated on that land. There are also vehicles, home furnishings and other items of personal property to be divided. As it is with many couples, the parties managed to acquire a number of debts which now must be fairly allocated.

The parties have four children who must be provided for in accordance with their needs and the parties' comparative ability to pay.

## THE DIVISION OF PROPERTY AND DEBTS

When people divorce, it is obvious that both cannot live in the same home. Our code addresses the question of what to do with the home and other property this way:

> "Each divorce decree shall provide for a fair and just settlement of property rights between the parties, and also for the custody and proper care of the minor children." 9 NTC Sec. 404.

The legal standard "fair and just settlement of property rights" has not been discussed in detail in prior opinions, and we take this opportunity to elaborate on what those words mean.

There appear to be no cases from other jurisdictions which define "fair and just" for the purpose of divorce cases. See, 16

Words and Phrases, "Fair and Just," 108. One federal case, interpreting our phase, said that in death cases those words require damages to "be determined from all the facts and circumstances." Sawyer v. United States 465 F. Supp. 282, 292 (D. Va., 1978). The property settlement statutes of many states are very broad, and one legal writer has noted that "The authority to make the division is usually granted in general terms, limited only by the requirement that the result be 'just' or 'equitable.'" Clark, Law of Domestic Relations, p. 451 (1968 Ed.). Those terms are broad, and they "have the effect of giving the divorce court a discretion as to what portion of the property shall be awarded to each spouse. It has been said that there is no fixed rule or mathematical formula for determining the amount of property to be awarded to each." 24 Am.Jur.2d, Divorce and Separation, Sec. 933. But courts cannot act arbitrarily when using their discretion, and

> "The amount of property awarded to each spouse depends upon the facts of the particular case, with the object of making an equitable division. The court should consider a variety of factors, including whether the property was acquired before or after the marriage, the efforts and attitudes of the parties toward its accumulation, the respective ages and earning abilities of the parties, the duration of the marriage, their station in life, their health and physical condition, the necessities of the parties, and their financial and other circumstances." Id.

In approaching the question of a fair and just division of property, the court also looks at the value of the property to be divided.

> "In order that a court may make a just and equitable division of the property of the parties it must have evidence concerning the value of the various properties. It is obvious that the trial court abuses its discretion when it orders a division of property without having knowledge of the value of a substantial part of it." Id.

Our property division statute is one which calls upon the court to consider the comparative needs of the parties. In a search for specific standards which can be used by the Navajo Courts under our statute, we look to the attempt of the Uniform Law Commissioners to fix such standards in alternatives A and B of Secion 307 of the Uniform Marriage and Divorce Act. 9A U.L.A. Sec. 307. Alternative A is the recommended clause to be adopted by jurisdictions considering the Uniform Marriage and Divorce Act (UMDA), and alternative B is the clause which the community property states demanded. (Navajo marital property laws are based upon the concept of community property. See, 7 NTC Sec. 205). Both alternatives call for an "equitable" or fair division of property between the spouses, much like our statute, and they approach the factors to be considered in the division of property. Alternative A requires the court to consider these matters in dividing property:

1. The duration of the marriage;
2. The prior marriage of either party;
3. Premarriage agreements between the parties;
4. Age;
5. Health;
6. Station;
7. Occupation;
8. Amount and sources of income;
9. Vocational skills;
10. Employability
11. Estate;
12. Liabilities;
13. Needs of each of the parties;
14. Who will have the children;
15. Whether property distribution will be in place of maintenance (alimony);
16. The opportunity of each spouse to acquire capital assets and income in the future;
17. The contribution or dissipation of each in obtaining, preserving, depreciating or appreciating the value of their own property;
18. The contribution of a spouse as a homemaker or to the family unit.

Alternative B requires the court to divide community property, without considering the fault or marital misconduct or either party, and in just proportions. These factors are to be considered:

1. The contribution or each spouse in acquiring community property, including the contribution of a spouse as a home-maker (The statute does not assume the wife is necessarily the homemaker);
2. The value of the property set apart to each spouse;
3. The duration of the marriage; and
4. The economic circumstances of each spouse when the property is to be divided, including the desirability of giving one spouse the family home or the right to live there for for a reasonable period of time where that spouse has custody of the children.

In reality both alternatives of the Uniform and Marriage and Divorce Act property division section only reflect the factors which the court can consider under statutes such as ours (as is noted above). The benefit of the UMDA is that it sets the relevant factors down in one place in a clear fashion, and this court will adopt that standards of the UMDA as actually being declarative of the existing law interpreting statutes which require a "fair and just," "equitable," or "just" division of property.

Therefore we hold that the District Courts of the Navajo Nation should consider all the circumstances of the parties when making a division of property under 9 NTC Sec. 404, including, but not limited to;

1. The reasonable current market value of each major asset which is community property;
2. The length of the marriage;
3. The economic circumstances of each party, including;
 a. Age;
 b. Health;
 c. Station (work or social position);
 d. Amount and sources of income;
 e. Vocational skills or need for retraining or to acquire new skills;
 f. Employability;
 g. Opportunities to acquire capital assets and income in the future;
4. The estate or separate property of each spouse (with values);
5. The needs of each of the parties;
6. The liabilities of each of the parties;
7. The contribution of a spouse as a homemaker or the contribution of each spouse to the family;
8. Who will have the children, and their needs;
9. The efforts of each spouse in contributing to the family unit and in obtaining or wasting community property;
10. Considerations of traditional and customary Navajo law, where applicable.
11. All other relevant facts.

In considering the foregoing factors as applied to this case, this court finds that the parties are mature, responsible adults who both have great abilities in taking care of themselves. Considering the factors of the children, the comparative economic circumstances of the parties and the length of the marriage, this court finds that the scale of equities weighs more heavily in favor of the wife than it does to the side of the husband, but the weight is not great.

The court has had to wrestle with the disposition of the homesite lease and the home on it is the major asset of the marriage, and it is obvious that given the debts of the parties, a fair division of property is difficult. Balancing the equities of the situation, as this court has the authority to do under the statute, a fair and just method of settlement will be as follows:

1. Each party will be given the opportunity to purchase the interest of the other for a 60 day period following the date of this opinion and judgment, with the value of the interest being onehalf of the market value of the house over one half the debts associated with the home and the homesite lease; or

2. The parties shall thereafter sell the home and homesite lease, as provided by Navajo law, and equally divide any profit after the payment of debts associated with the home and homesite lease (with of course the possible assumption of those debts by a buyer being an option); or

3. If the parties are unable to either come to a buyout agreement or sell the house after a reasonable period of time, then the

plaintiff will be permitted to occupy the home until such time as the youngest child of the parties reaches 18 years of age, at which time the home and the homesite lease will be sold and the profits from the sale will be equally divided among the parties. The plaintiff may occupy the home pending a buyout agreement or sale of the family home.

In order to effectuate these three alternatives when this action is remanded to the district court, counsel for the parties will make reports to the court every 60 days on compliance with them.

As to the individual items of property, the court finds that there has already been a distribution of property among the parties, with the exception of some small items. The court finds that the tipi mentioned in the pretrial order has already be gifted to children of the parties and is no longer a subject of this dispute. Otherwise the defendant shall have the Native American Church paraphenalia, consisting of drums, feathers, prayer shawls, etc.

## DEBTS OF THE PARTIES

Again, it is difficult to allocate this kind of marital obligation, but considering the income of the parties, the allocation of property to them and other matters, the court will allocate responsibility for the marital debts as follows; To the defendant The BIA revolving credit loan for the house, the NTUA debt for line construction and a meter, the approximately $1,300 Gurley Motors repair bill, the cost of the 30. 30. Winchester rifle and the jewelry. The debts allocated to the plaintiff shall be the Chevron, Zales, Levines, Merchants Bank, Aetna and Household Finance debts, as well as the approximately $2,400 debt to Gurley Motors for the purchase of a vehicle.

## CHILD SUPPORT

The plaintiff shall have custody of the minor children, and as to child support -

First of all, this court finds it equitable to vacate the prior order of October 30, 1980 with respect to child support and to declare there is not arrearage in child support payments as of the date of this opinion and judgment. This is equitable due to the financial circumstances of the parties, the allocation of debts and the need to enter a decree which is enforcible. This order is balanced off by the finding that the needs of the children and the ability of the defendant to pay require the payment of $75 per month for each of the minor children, commencing September 1, 1982. The defendant shall also make the home payments until it is transferred to one party or sold. The child support shall be paid to the plaintiff, and the plaintiff shall make provision for the allocation of the monies applied to any one child where the child may be living out of her home. That is, normally a custodial parent simply uses child support money to apply to general living expenses which a child shares, such as food, rent, utilities and other common expenses. Where the child lives outside the home, the money paid for that child should normally go to his or her benefit.

## JUDGMENT

The Court finds that it has jurisdiction in this matter and that the parties were married on June 2, 1962, at Gallup, New Mexico. There are five children who are issues of the marriage, and their names and birth dates are: Robert Shorty III (July 6, 1965), Brenda Jean Shorty, July 26, 1966), April Dawn Shorty (April 15, 1969), Roberta Janine Shorty (September 27, 1971). The judgment of the court is as follows:

1. The order of the district court as to the granting of a divorce is affirmed.

2. The order of the district court as a child custody is affirmed, as to all minor children.

3. The community property of the parties shall be divided as indicated in the foregoing opinion, with counsel for the parties being required to make a report to the district court every 60 days following the entry of this opinion and order as to compliance with the order.

4. Each party will pay the obligations allocated to him or her herein, and each will hold and other harmless for noncompliance with this order. In addition the defendant shall pay all monthly payments with regard to the family home until such time as it is transferred to one of the parties or sold.

5. The defendant shall pay the sum of $75 per month per child to the plaintiff, for the period of the minority of such child, and within 30 days of the date of this opinion and judgement the defendant shall make arrangements for the payment of such sums to the plaintiff by means of a payroll deduction, and shall report compliance with this order to the district court within such period of time.

6. The parties shall cooperate with each other for the purpose of permitting full access of each to the children of the marriage for the purposes of visitation and full communication.

7. The order of the district court as to the provision if insurance coverage for the minor children is affirmed.

8. The order of the district court as to a name change for the plaintiff to Lori Lemaris is affirmed.

9. The order of the district court as to spousal maintenance is reversed, and maintenance is denied.

10. This action is hereby remanded to the District Court of the Navajo Nation at Window Rock, Navajo Nation (Arizona) for enforcement and proceedings not inconsistent with this opinion and judgment.